B1 (Official Form 1)(1/08)

# United States Bankruptcy Court
## Central District of California

**Voluntary Petition**

| Name of Debtor (if individual, enter Last, First, Middle): **Vineyard National Bancorp** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all) **33-0309110** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State): **1260 Corona Pointe Court, Corona, CA**  ZIP Code **92879** | Street Address of Joint Debtor (No. and Street, City, and State): ZIP Code |
| County of Residence or of the Principal Place of Business: **Riverside** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): ZIP Code | Mailing Address of Joint Debtor (if different from street address): ZIP Code |

Location of Principal Assets of Business Debtor (if different from street address above):

### Type of Debtor
(Form of Organization) (Check one box)
- ☐ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ■ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

### Nature of Business
(Check one box)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ■ Other

**Tax-Exempt Entity**
(Check box, if applicable)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

### Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box)
- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

### Nature of Debts
(Check one box)
- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ■ Debts are primarily business debts.

### Filing Fee (Check one box)
- ■ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

### Chapter 11 Debtors
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ■ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

THIS SPACE IS FOR COURT USE ONLY

### Statistical/Administrative Information
- ■ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

**Estimated Number of Creditors**

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

**Estimated Assets**

| ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

**Estimated Liabilities**

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1)(1/08)                                                                    Page 2

| **Voluntary Petition** <br> *(This page must be completed and filed in every case)* | Name of Debtor(s): <br> **Vineyard National Bancorp** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) |||
|---|---|---|
| Location <br> Where Filed:   **- None -** | Case Number: | Date Filed: |
| Location <br> Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) |||
|---|---|---|
| Name of Debtor: <br> **- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** <br> (To be completed if debtor is an individual whose debts are primarily consumer debts.) |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) <br><br> ■ Exhibit A is attached and made a part of this petition. | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). <br><br> X_____ <br>    Signature of Attorney for Debtor(s)     (Date) |

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety? <br> ☐ Yes, and Exhibit C is attached and made a part of this petition. <br> ■ No. |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.) <br> ☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition. <br> If this is a joint petition: <br> ☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue** <br> (Check any applicable box) |
|---|
| ■   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. <br> ☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. <br> ☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property** <br> (Check all applicable boxes) |
|---|
| ☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.) <br><br> _____ <br> (Name of landlord that obtained judgment) <br><br><br> _____ <br> (Address of landlord) <br><br> ☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and <br> ☐   Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. <br> ☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

B1 (Official Form 1)(1/08)           Page 3

| **Voluntary Petition** | Name of Debtor(s): **Vineyard National Bancorp** |
|---|---|
| *(This page must be completed and filed in every case)* | |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of Attorney*

X **/s/ Rodger M. Landau**
Signature of Attorney for Debtor(s)

**Rodger M. Landau**
Printed Name of Attorney for Debtor(s)

**Landau & Berger LLP**
Firm Name

**1801 Century Park East
Suite 1460
Los Angeles, CA 90067**
Address

**(310) 557-0050  Fax: (310) 557-0056**
Telephone Number

**July 21, 2009**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Glen C. Terry**
Signature of Authorized Individual

**Glen C. Terry**
Printed Name of Authorized Individual

**President and CEO**
Title of Authorized Individual

**July 21, 2009**
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

# United States Bankruptcy Court
## Central District of California

In re   **Vineyard National Bancorp**                                    ,   Case No. _____

                               Debtor

Chapter    **11**

## Exhibit "A" to Voluntary Petition

1. If any of debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is __**001-31796**_____.

2. The following financial data is the latest available information and refers to debtor's condition on **September 30, 2008*** _____.

   a. Total assets                                          $ __**2,098,742,000.00**__

   b. Total debts (including debts listed in 2.c..below)    $ __**449,770,000.00**__

   Approximate number of holders

   c. Debt securities held by more than 500 holders.

   | | | | | Approx. holders |
   |---|---|---|---|---|
   | secured / / | unsecured / / | subordinated / / | $ 0.00 | 0 |
   | secured / / | unsecured / / | subordinated / / | $ 0.00 | 0 |
   | secured / / | unsecured / / | subordinated / / | $ 0.00 | 0 |
   | secured / / | unsecured / / | subordinated / / | $ 0.00 | 0 |
   | secured / / | unsecured / / | subordinated / / | $ 0.00 | 0 |

   d. Number of shares of preferred stock        2,310,000     551
   e. Number of shares of common stock           9,893,978    3,600

   Comments, if any:
   * Financial data is from the most recent consolidated information provided by the Debtor to the SEC on approximately September 30, 2008. ** Information regarding the number of shares of common stock (c/s) is based on the latest information provided to the SEC as of April 21, 2008. Number of shares of c/s does not include treasury stock, unvested restricted stock, and unexercised warrants. There are 168,000 warrants expiring 6/11/2011 with exercise price of $23.81.

3. Brief description of debtor's business:
   A bank holding company that provides lending and depository services to businesses and individuals through its wholly-owned subsidiary, Vineyard Bank, N.A., which was seized by the FDIC on approximately July 17, 2009.

4. List the name of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
   N/A

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| **Rodger M. Landau  CA Bar # 151456**<br>**Landau & Berger LLP**<br>**1801 Century Park East**<br>**Suite 1460**<br>**Los Angeles, CA 90067**<br>**Telephone: (310) 557-0050**<br>**Fax: (310) 557-0056**<br><br>☒ *Proposed Counsel to Debtor* | |
| **UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA** | |
| In re:<br><br>**Vineyard National Bancorp**<br><br>Debtor(s). | CASE NO.:<br>CHAPTER: **11**<br>ADV. NO.: |

**ELECTRONIC FILING DECLARATION
(CORPORATION/PARTNERSHIP)**

| | | |
|---|---|---|
| ☒ | Petition, statement of affairs, schedules or lists | Date Filed: **July 21, 2009** |
| ☐ | Amendments to the petition, statement of affairs, schedules or lists | Date Filed: |
| ☐ | Other: _____ | Date Filed: |

**PART I - DECLARATION OF AUTHORIZED SIGNATORY OF DEBTOR OR OTHER PARTY**

I, the undersigned, hereby declare under penalty of perjury that: (1) I have been authorized by the Debtor or other party on whose behalf the above-referenced document is being filed (Filing Party) to sign and to file, on behalf of the Filing Party, the above-referenced document being filed electronically (Filed Document); (2) I have read and understand the Filed Document; (3) the information provided in the Filed Document is true, correct and complete; (4) the "/s/," followed by my name, on the signature lines for the Filing Party in the Filed Document serves as my signature on behalf of the Filing Party and denotes the making of such declarations, requests, statements, verifications and certifications by me and by the Filing Party to the same extent and effect as my actual signature on such signature lines; (5) I have actually signed a true and correct hard copy of the Filed Document in such places on behalf of the Filing Party and provided the executed hard copy of the Filed Document to the Filing Party's attorney; and (6) I, on behalf of the Filing Party, have authorized the Filing Party's attorney to file the electronic version of the Filed Document and this *Declaration* with the United States Bankruptcy Court for the Central District of California.

/s/ Glen C. Terry                                                           **July 21, 2009**
*Signature of Authorized Signatory of Filing Party*            Date

**Glen C. Terry**
*Printed Name of Authorized Signatory of Filing Party*

**President and CEO**
*Title of Authorized Signatory of Filing Party*

**PART II - DECLARATION OF ATTORNEY FOR FILING PARTY**

I, the undersigned Attorney for the Filing Party, hereby declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the Attorney for the Filing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) an authorized signatory of the Filing Party signed the *Declaration of Authorized Signatory of Debtor or Other Party* before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct hard copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature of the authorized signatory of the Filing Party in the locations that are indicated by "/s/," followed by the name of the Filing Party's authorized signatory, on the true and correct hard copy of the Filed Document; (4) I shall maintain the executed originals of this *Declaration, the Declaration of Authorized Signatory of Debtor or Other Party*, and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this *Declaration, the Declaration of Authorized Signatory of Debtor or Other Party*, and the Filed Document available for review upon request of the Court or other parties.

/s/ Rodger M. Landau                                                  **July 21, 2009**
*Signature of Attorney for Filing Party*                            Date

**Rodger M. Landau  CA Bar # 151456**
*Printed Name of Attorney for Filing Party*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.
*November 2006*

Software Copyright (c) 1996-2006 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                                                    Best Case Bankruptcy

ACTION BY WRITTEN CONSENT
OF THE BOARD OF DIRECTORS OF
VINEYARD NATIONAL BANCORP
DATED JULY 9, 2009

The undersigned, constituting all the members of the Board of Directors ("Board") of Vineyard National Bancorp (the "Corporation"), by their signatures below, and in accordance with Article III Section 13 of the Bylaws, and pursuant to Section 307(b) of the California Corporations Code, hereby adopt the following resolutions by this Unanimous Written Consent:

**WHEREAS**, the Board of Directors believe that it is in the best interest of the Corporation to adopt the following resolutions:

**RESOLVED**, that it is in the best interest of the Corporation, its creditors, employees, and other interested parties that a petition be filed by the Corporation seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code");

**RESOLVED**, that the Law Firm of Landau & Berger LLP, 1801 Century Park East, Suite 1460, Los Angeles, CA 90064 shall be employed as attorney for the Corporation to file the Corporation's Chapter 11 case;

**RESOLVED**, that the Corporation shall be, and hereby is, authorized, directed and empowered to retain, on behalf of the Corporation, the following professionals: (a) Manatt Phelps & Phillips, LLP, as Special Litigation Counsel; and (b) such additional professionals or independent contractors, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants or brokers, as may be necessary in connection with the Corporation's Chapter 11 case and other related matters, on such terms as such officers shall approve;

**RESOLVED**, that Glen C. Terry, as President and Chief Executive Officer of the Corporation, be, and he hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to execute a petition for relief under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Central District of California, Riverside Division, at such time as said officer executing the same shall determine and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper, or necessary to effect any of the foregoing;

**RESOLVED**, that the following individuals be, and they hereby are, appointed authorized officers of the Corporation in the capacities set forth opposite their names (collectively with Mr. Terry, the "Authorized Officers" and individually, an "Authorized Officer") and that each of the Authorized Officers be, and they hereby are, acting individually in the name of and on behalf of the Corporation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, certificates, amendments, instruments and other papers in connection with the Chapter 11 case (collectively, the "Documents"); subject to necessary regulatory approvals (if any), pay all expenses, including filing fees, in each case as shall be necessary or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein, and take and perform any and all

further acts and deeds which such Authorized Officer deems necessary, advisable, expedient, convenient, proper or desirable in connection with the Corporation's Chapter 11 case:

| Authorized Officer | Office |
|---|---|
| James G. LeSieur, III | Interim Chief Financial Officer |
| Donald H. Pelgrim, Jr. | Chief Administrative Officer |

**RESOLVED**, that (i) the form, terms and provisions of the Documents executed, delivered and performed by an Authorized Officer on behalf of the Corporation related to or arising from the resolutions contained herein are ratified, approved and confirmed, (ii) that the transactions described in the Documents are ratified, approved and confirmed, and (iii) that the execution and delivery of the Documents by an Authorized Officer shall be conclusive evidence of the approval of such documents by the Board;

**RESOLVED**, that the Authorized Officers be, and they hereby are, acting individually in the name of and on behalf of the Corporation, authorized, empowered and directed to hire additional employees at the Corporation, engage external resources and to otherwise outsource work to the extent such Authorized Officer deems necessary, advisable, expedient, convenient, proper or desirable in connection with the Corporation's Chapter 11 case; and

**RESOLVED**, that any and all past actions, covenants or promises of the Corporation, or any of the Authorized Officers or directors of the Corporation in the name and on behalf of the Corporation, in furtherance of any or all the preceding resolutions be, and the same hereby are, ratified, confirmed and approved in all respects.

## EXECUTION BY FACISMILE

**RESOLVED**, that this Unanimous Written Consent may be executed by facsimile, and, upon such execution, shall have the same force and effect as an original.

## EXECUTION IN COUNTERPARTS

**RESOLVED**, that this Unanimous Written Consent may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

This Unanimous Written Consent shall be filed with the minutes of the proceedings of the Corporation's Board of Directors.

[SIGNATURES ON FOLLOWING PAGE]

SIGNATURE PAGE
TO
ACTION BY WRITTEN CONSENT
OF THE BOARD OF DIRECTORS OF
VNBC
DATED JULY 9, 2009

IN WITNESS WHEREOF, each of the undersigned has executed this Action by Unanimous Written Consent as of July 9, 2009.

_____
Douglas M. Kratz
Chairman of Vineyard

_____
David A. Buxbaum

_____
Perry B. Hansen

_____
Douglas M. Kratz

_____
James G. LeSieur

_____
Harice "Dev" Ogle

_____
Glen C. Terry

3

SIGNATURE PAGE
TO
ACTION BY WRITTEN CONSENT
OF THE BOARD OF DIRECTORS OF
VNBC
DATED JULY 9, 2009

**IN WITNESS WHEREOF**, each of the undersigned has executed this Action by Unanimous Written Consent as of July 9, 2009.

_____
Douglas M. Kratz
Chairman of Vineyard

_____
David A. Buxbaum

_____
Perry B. Hansen

_____
Douglas M. Kratz

_____
James G. LeSieur

_____
Harice "Dev" Ogle

_____
Glen C. Terry

SIGNATURE PAGE
TO
ACTION BY WRITTEN CONSENT
OF THE BOARD OF DIRECTORS OF
VNBC
DATED JULY 9, 2009

**IN WITNESS WHEREOF**, each of the undersigned has executed this Action by Unanimous Written Consent as of July 9, 2009.

_____
Douglas M. Kratz
Chairman of Vineyard

_____
David A. Buxbaum

_____/s/_____
Perry B. Hansen

_____
Douglas M. Kratz

_____
James G. LeSieur

_____
Harice "Dev" Ogle

_____
Glen C. Terry

3

SIGNATURE PAGE
TO
ACTION BY WRITTEN CONSENT
OF THE BOARD OF DIRECTORS OF
VNBC
DATED JULY 9, 2009

**IN WITNESS WHEREOF**, each of the undersigned has executed this Action by Unanimous Written Consent as of July 9, 2009.

_____
Douglas M. Kratz
Chairman of Vineyard

_____
David A. Buxbaum

_____
Perry B. Hansen

*[signature: Douglas M. Kratz]*
_____
James G. LeSieur

_____
Harice "Dev" Ogle

_____
Glen C. Terry

3

SIGNATURE PAGE
TO
ACTION BY WRITTEN CONSENT
OF THE BOARD OF DIRECTORS OF
VNBC
DATED JULY 9, 2009

**IN WITNESS WHEREOF**, each of the undersigned has executed this Action by Unanimous Written Consent as of July 9, 2009.

_____
Douglas M. Kratz
Chairman of Vineyard


_____
David A. Buxbaum


_____
Perry B. Hansen


_____
Douglas M. Kratz
_____
James G. LeSieur


_____
Harice "Dev" Ogle


_____
Glen C. Terry

3

SIGNATURE PAGE
TO
ACTION BY WRITTEN CONSENT
OF THE BOARD OF DIRECTORS OF
VNBC
DATED JULY 9, 2009

IN WITNESS WHEREOF, each of the undersigned has executed this Action by Unanimous Written Consent as of July 9, 2009.

_____
Douglas M. Kratz
Chairman of Vineyard

_____
David A. Buxbaum

_____
Perry B. Hansen

_____
Douglas M. Kratz

_____
James G. LeSieur

*/s/ Harice D. Ogle*
Harice "Dev" Ogle

_____
Glen C. Terry

3

SIGNATURE PAGE
TO
ACTION BY WRITTEN CONSENT
OF THE BOARD OF DIRECTORS OF
VNBC
DATED JULY 9, 2009

**IN WITNESS WHEREOF**, each of the undersigned has executed this Action by Unanimous Written Consent as of July 9, 2009.

_____
Douglas M. Kratz
Chairman of Vineyard

_____
David A. Buxbaum

_____
Perry B. Hansen

_____
Douglas M. Kratz

_____
James G. LeSieur

_____
Harice "Dev" Ogle

_____/s/ Glen C. Terry_____
Glen C. Terry

3

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Rodger M. Landau<br>Landau & Berger LLP<br>1801 Century Park East, Suite 1460<br>Los Angeles, CA 90067<br><br>310-557-0050<br>310-557-0056<br>State Bar No. 151456<br>[X] Attorney for: Proposed Counsel to Debtor | |
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
| In re: Vineyard National Bancorp,<br><br>Debtor(s),<br><br>Plaintiff(s),<br><br>Defendant(s). | CASE NO.:<br>ADV. NO.:<br>CHAPTER: 11 |

## Corporate Ownership Statement Pursuant to
## F.R.B.P. 1007(a)(1) and 7007.1, and Local Bankruptcy Rule 1002-5

*Pursuant to F.R.B.P. 1007(a)(1) and 7007.1, and Local Bankruptcy Rule 1002-5, any corporation, other than a governmental unit, that is a debtor in a voluntary case or a party to an adversary proceeding or a contested matter shall file this statement identifying all its parent corporations and listing any publicly held company, other than a governmental unit, that directly or indirectly own 10% or more of any class of the corporation's equity interest, or state that there are no entities to report. This Corporate Ownership Statement must be filed with the initial pleading filed by a corporate entity in a case or adversary proceeding. A supplemental statement must promptly be filed upon any change in circumstances that renders this Corporate Ownership Statement inaccurate.*

I, Glen C. Terry _____, the undersigned in the above-captioned case, hereby declare
(Print Name of Attorney or Declarant)
under penalty of perjury under the laws of the United States of America that the following is true and correct:

**[Check the appropriate boxes and, if applicable, provide the required information.]**

1. I have personal knowledge of the matters set forth in this Statement because:

    [X] I am the president or other officer or an authorized agent of the debtor corporation

    [ ] I am a party to an adversary proceeding

    [ ] I am a party to a contested matter

    [ ] I am the attorney for the debtor corporation

2. a. [X] The following entities, other than the debtor or a governmental unit, directly or indirectly own 10% or more of any class of the corporation's(s') equity interests:
    *[For additional names, attach an addendum to this form.]*
    Series C Preferred Shares - 100% owned by
    State Street Bank and Trust Company
    1776 Heritage Drive
    North Quincy, MA 02171

    b. [ ] There are no entities that directly or indirectly own 10% or more of any class of the corporation's equity interest.

/s/ Glen C. Terry _____    7/21/09 _____
Signature of Attorney or Declarant    Date

Glen C. Terry _____
Printed Name of Attorney or Declarant

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
April 2007                                                                                                                                                      CCD-1002

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## Central District of California

In re   **Vineyard National Bancorp**                              Case No. _____

                                         Debtor(s)                  Chapter   **11**

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| Chuck Keagle<br>8651 Madrone Avenue<br>Rancho Cucamonga, CA 91730 | Chuck Keagle<br>8651 Madrone Avenue<br>Rancho Cucamonga, CA 91730 | Cash paid by directors under a Directors' Deferred Retirement Plan and placed in Debtor's checking account | | 320,856.70 |
| FBR Capital Markets<br>1001 Nineteenth Street North<br>Arlington, VA 22209 | FBR Capital Markets<br>1001 Nineteenth Street North<br>Arlington, VA 22209 | Capital raise services | Disputed | 397,598.47 |
| First Tennessee Bank, N.A.<br>Attn: David Work<br>845 Crossover Lane Suite 150<br>Memphis, TN 38117 | First Tennessee Bank, N.A.<br>Attn: David Work<br>845 Crossover Lane Suite 150<br>Memphis, TN 38117 | Loan Agreement-revolving line of credit secured by pledge of 100% of stock of wholly-owned subsidiary-Vineyard Bank, N.A.-Claim amt includes outstand | | 50,825,395.68<br><br>(0.00 secured) |
| Frank Alvarez<br>1080 W. 22nd Street<br>Upland, CA 91784 | Frank Alvarez<br>1080 W. 22nd Street<br>Upland, CA 91784 | Cash paid by directors under a Directors' Deferred Retirement Plan and placed in Debtor's checking account | | 435,329.98 |
| Joel Ravitz<br>11111 Santa Monica Blvd, Suite 1450<br>Los Angeles, CA 90025 | Joel Ravitz<br>11111 Santa Monica Blvd, Suite 1450<br>Los Angeles, CA 90025 | Cash paid by directors under a Directors' Deferred Retirement Plan and placed in Debtor's checking account | | 634,537.95 |

B4 (Official Form 4) (12/07) - Cont.

In re  **Vineyard National Bancorp**                          Case No. _____
                      Debtor(s)

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| Jon Salmanson and Norman Morales<br>Northeast Securities<br>100 Wall Street, 8th Floor<br>New York, NY 10005 | Jon Salmanson and Norman Morales<br>Northeast Securities<br>100 Wall Street, 8th Floor<br>New York, NY 10005 | Reimbursement for costs incurred by dissident board in proxy contest | Disputed | 748,652.00 |
| PricewaterhouseCoopers LLP<br>2020 Main Street<br>Suite 400<br>Irvine, CA 92614 | PricewaterhouseCoopers LLP<br>2020 Main Street<br>Suite 400<br>Irvine, CA 92614 | Consulting | Disputed | 100,000.00 |
| Robb Quincey<br>460 N. Euclid Avenue<br>Upland, CA 91786 | Robb Quincey<br>460 N. Euclid Avenue<br>Upland, CA 91786 | Cash paid by directors under a Directors' Deferred Retirement Plan and placed in Debtor's checking account | | 141,789.83 |
| The Concord Group<br>130 Newport Center Drive<br>Suite 230<br>Newport Beach, CA 92660 | The Concord Group<br>130 Newport Center Drive<br>Suite 230<br>Newport Beach, CA 92660 | Market Data | Disputed | 140,000.00 |
| Vineyard Bank Sub Debentures<br>c/o Russel Rokes, US Bank, N.A.<br>Corporate Trust Services<br>1 Federal St., 3rd Floor<br>Boston, MA 02110 | Vineyard Bank Sub Debentures<br>c/o Russel Rokes, US Bank, N.A.<br>Corporate Trust Services<br>Boston, MA 02110 | Junior Subordinated Debentures - Due December 26, 2017<br><br>(Claim amt includes outstanding principal + interest + deferred interest as of 6/30/09 [int | | 5,196,116.40 |
| Vineyard Statutory Trust I<br>Attn Vattana Kimly, US Bank N.A.<br>Corporate Trust Services<br>1 Federal St., 3rd Floor<br>Boston, MA 02110 | Vineyard Statutory Trust I<br>Attn Vattana Kimly, US Bank N.A.<br>Corporate Trust Services<br>Boston, MA 02110 | Junior Subordinated Debentures - Due 2031<br><br>(Claim amt includes outstanding principal + interest + deferred interest as of 6/30/09 [interest accrues | | 13,351,032.74 |

B4 (Official Form 4) (12/07) - Cont.

In re  **Vineyard National Bancorp**                                  Case No. _____
                          Debtor(s)

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| Vineyard Statutory Trust II<br>Attn Lori Donahue<br>Wilmington Trust Company<br>Rodney Square N, 1100 N Market St.<br>Wilmington, DE 19890 | Vineyard Statutory Trust II<br>Attn Lori Donahue<br>Wilmington Trust Company<br>Wilmington, DE 19890 | Junior Subordinated Debentures - Due 2033<br><br>(Claim amt includes outstanding principal + interest + deferred interest as of 6/30/09 [interest accrues | | 5,545,496.08 |
| Vineyard Statutory Trust III<br>Attn: Geoffrey Lewis<br>Wilmington Trust Company<br>Rodney Square N, 1100 N Market St.<br>Wilmington, DE 19890 | Vineyard Statutory Trust III<br>Attn: Geoffrey Lewis<br>Wilmington Trust Company<br>Wilmington, DE 19890 | Junior Subordinated Debentures - Due 2033<br><br>(Claim amt includes outstanding principal + interest + deferred interest as of 6/30/09 [interest accrues | | 11,048,788.08 |
| Vineyard Statutory Trust IV<br>Attn Geoffrey Lewis<br>Wilmington Trust Company<br>Rodney Square N, 1100 N Market St.<br>Wilmington, DE 19890 | Vineyard Statutory Trust IV<br>Attn Geoffrey Lewis<br>Wilmington Trust Company<br>Wilmington, DE 19890 | Junior Subordinated Debentures - Due 2034<br><br>(Claim amt includes outstanding principal + interest + deferred interest as of 6/30/09 [interest accrues | | 10,971,688.88 |
| Vineyard Statutory Trust IX<br>Attn Geoffrey Lewis<br>Wilmington Trust Company<br>1100 N. Market St.<br>Wilmington, DE 19890 | Vineyard Statutory Trust IX<br>Attn Geoffrey Lewis<br>Wilmington Trust Company<br>Wilmington, DE 19890 | Junior Subordinated Debentures - Due 2035<br><br>(Claim amt includes outstanding principal + interest + deferred interest as of 6/30/09 [interest accrue | | 16,130,004.94 |

B4 (Official Form 4) (12/07) - Cont.

In re  **Vineyard National Bancorp**  
_____  
Debtor(s)

Case No. _____

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

| (1)<br><br>Name of creditor and complete mailing address including zip code | (2)<br><br>Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3)<br><br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br><br>Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5)<br><br>Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| **Vineyard Statutory Trust V**<br>Mudassir Mohamed, Bank of New York<br>Mellon Treasury Services<br>601 Travis Street, 16th Floor<br>Houston, TX 77002 | **Vineyard Statutory Trust V**<br>Mudassir Mohamed, Bank of New York<br>Mellon Treasury Services<br>Houston, TX 77002 | Junior Subordinated Debentures - Due 2034<br><br>(Claim amt includes outstanding principal + interest + deferred interest as of 6/30/09 [interest accrues | | 11,021,014.06 |
| **Vineyard Statutory Trust VI**<br>Mudassir Mohamed, Bank of New York<br>Mellon Treasury Services<br>601 Travis Street, 16th Floor<br>Houston, TX 77002 | **Vineyard Statutory Trust VI**<br>Mudassir Mohamed, Bank of New York<br>Mellon Treasury Services<br>Houston, TX 77002 | Junior Subordinated Debentures - Due 2034<br><br>(Claim amt includes outstanding principal + interest + deferred interest as of 6/30/09 [interest accrues | | 13,179,001.99 |
| **Vineyard Statutory Trust VII**<br>Attn Molly Breffitt<br>Wells Fargo Delaware Trust Co<br>919 N Market St, Ste 700<br>Wilmington, DE 19801 | **Vineyard Statutory Trust VII**<br>Attn Molly Breffitt<br>Wells Fargo Delaware Trust Co<br>Wilmington, DE 19801 | Junior Subordinated Debentures - Due 2034<br><br>(Claim amt includes outstanding principal + interest + deferred interest as of 6/30/09 [interest accrues | | 10,911,294.54 |
| **Vineyard Statutory Trust XI**<br>Attn Geoffrey Lewis<br>Wilmington Trust Company<br>Rodney Square N, 1100 N. Market St.<br>Wilmington, DE 19890 | **Vineyard Statutory Trust XI**<br>Attn Geoffrey Lewis<br>Wilmington Trust Company<br>Wilmington, DE 19890 | Junior Subordinated Debentures - Due 2036<br><br>(Claim amt includes outstanding principal + interest + deferred interest as of 6/30/09 [interest accrues | | 19,493,543.70 |

B4 (Official Form 4) (12/07) - Cont.

In re  **Vineyard National Bancorp**                                      Case No. _____
                         Debtor(s)

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

| (1) *Name of creditor and complete mailing address including zip code* | (2) *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3) *Nature of claim (trade debt, bank loan, government contract, etc.)* | (4) *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5) *Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| **Vineyard Statutroy Trust VIII c/o Geoffrey Lewis Wilmington Trust Company Rodney Square N, 1100 N. Market St. Wilmington, DE 19890** | **Vineyard Statutroy Trust VIII c/o Geoffrey Lewis Wilmington Trust Company Wilmington, DE 19890** | **Junior Subordinated Debentures - Due 2035** (Claim amt includes outstanding principal + interest + deferred interest as of 6/30/09 [interest accrues | | 10,819,965.06 |

### DECLARATION UNDER PENALTY OF PERJURY
### ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the President and CEO of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date  **July 21, 2009**                          Signature  **/s/ Glen C. Terry**
                                                            **Glen C. Terry**
                                                            **President and CEO**

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.