**PETER C. ANDERSON**
UNITED STATES TRUSTEE
**ABRAM S. FEUERSTEIN,** State Bar No. 133775
ASSISTANT UNITED STATES TRUSTEE
**ELIZABETH A. LOSSING,** State Bar No. 144100
TRIAL ATTORNEY
**United States Department Of Justice**
**United States Trustee**
3685 Main Street, Suite 300
Riverside, California   92501-3839
Telephone (951) 276-6990
Facsimile (951) 276-6973
elizabeth.lossing@usdoj.gov

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>VINEYARD NATIONAL BANCORP,<br><br>Debtor(s). | Case No.  6:09-26401-RN<br><br>Chapter 11<br><br>UNITED STATES TRUSTEE'S OBJECTIONS TO DISCLOSURE STATEMENT IN SUPPORT OF THE DEBTOR'S JOINT PLAN OF LIQUIDATION OF THE DEBTOR AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS; DECLARATION OF ELIZABETH A. LOSSING<br><br>Date:       January 21, 2010<br>Time:       2:00 p.m.<br>Courtroom: 301<br>Hon. Richard Neiter<br>3420 Twelfth Street<br>Riverside, CA 92501 |

TO THE HONORABLE RICHARD NEITER, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR AND DEBTOR'S COUNSEL OF RECORD, IF ANY, AND ALL INTERESTED PARTIES:

PETER C. ANDERSON, the United States Trustee for Region 16 ("UST"), objects to the adequacy of Disclosure Statement in Support of the Debtor's Joint Plan of Liquidation of the Debtor and the Official Committee of Unsecured Creditors (the "Disclosure Statement") and submits as follows:

-1-

**DEBTOR'S DISCLOSURE STATEMENT FAILS TO PROVIDE ADEQUATE INFORMATION AND SUFFICIENT DETAIL TO ENABLE CREDITORS TO MAKE AN INFORMED JUDGMENT ABOUT THE PLAN**.

The primary purpose of a disclosure statement is to give creditors information necessary to decide whether to accept a plan. In re Monroe Well Service, Inc., 80 BR 324 (E.D. Pa. 1987) The Code's disclosure requirements are intended to be flexible. In re Monnier Bros., 755 F.2d 1336 (8th Cir. 1985). 11 U.S.C. Section 1125(b) requires that the Bankruptcy Court specifically find that the Debtor's proposed disclosure statement contains "adequate information" before the Debtor is allowed to solicit its Plan of Reorganization to its creditors. 11 U.S.C. Section 1125(a)(1) defines the term "adequate information" as meaning "information of a kind, and in sufficient detail. . ., that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan . . .[emphasis added]."

In order for an interested, impaired claimant to vote on a proposed plan of reorganization, the claimant should know what will be available to satisfy claims. The Disclosure Statement has been proposed and amended yet it contains absolutely no financial information. Therefore, the UST objects to approval of the Disclosure Statement as deficient and raises the following objections.

1.     Post-Petition Financial Information. Current financial information, such as cash flow statements, profit and loss statements (statements of operations), and balance sheets, provide holders of claims and interests with important information about the debtor's performance during the pendency of the chapter 11 case. Of particular importance is the comparison of the current balance sheet with the balance sheet as of the commencement of the case.

The Debtor's Disclosure Statement describes its plan as a liquidating plan of reorganization. Page 50 of the Disclosure Statement addresses feasibility, referring the reader to Exhibit "B", describing the data as sources and uses of cash. Exhibit "B" to the Disclosure Statement (Bates Page 155) is blank and contains no information. Therefore, the Disclosure

1  Statement does not adequately discuss this issue.

2        2.     <u>Projections</u>.  The disclosure statement should include, as an exhibit, a summary of the results of the operations during the pendency of the chapter 11 case.  <u>In re Merrimack Valley Oil Co.</u>, 32 B.R. 485, 488 (Bankr. D. Mass. 1983); <u>In re Western Management, Inc.</u>, 6 B.R. 438, 442-43 (Bankr. W.D. Ky. 1980).  The summary should be in a format consistent with the projections so that creditors can make a meaningful comparison of the past with future projections.  The format of the summary and the projections should be consistent with regard to time and designation of income and expense items.

According to 11 U.S.C. § 1129(a)(11), the disclosure statement should include a projection of the financial condition of the debtor upon confirmation of the plan.  This information enables the court and creditors to determine the liquidated funds available for distribution to creditors.

Here, there are no financial projections whatsoever.  Exhibit "B", page 154 is headed "Projected Available Cash Analysis" with the notation (To Come) heading a page that is blank.  Similarly, Exhibit "C", page 155 the Hypothetical Chapter 7 Liquidation Analysis reports that the financial data is "(To come)" as is Exhibit "E", Potential Preference Payments.  Exhibit "G", D&O Claims Complaint, offers a copy of the complaint with no information on the negotiations to resolve the matter, the nature and extent of insurance coverage, if any, or the reasonable probability of success.  Without financial data describing the Debtor's business operation and assets for liquidation, no informed decision on voting can be reached.

The Disclosure Statement identifies the Debtor's plan as a liquidating plan of reorganization.  There is no listing of assets, the value assigned or the schedule for liquidation of the assets.  Since no information is provided on the assets to be liquidated or even if liquidation has commenced, there is no ability to determine the time required for liquidation.  If liquidation will not be immediate, an estimate of the length of time that would be required to liquidate the assets of the Debtor should be included.  There is no projected time for distribution and, therefore, no ability of a creditor to assess the value of its payment through the plan.

1         3.     Other Issues:

2         a)     On page 13, a reference to footnote 5 appears on line 1. There is no footnote 5 at
3 the bottom of the page;

4         b)     The definition of Brokered Deposits has not been offered. It would assist in
5 understanding the liquidity stabilization discussed on Page 23, line 14, if the term was
6 appropriately defined;

7         c)     The cost reductions are identified commencing on page 25. These reductions are
8 not quantified. It would be helpful to know the funds that are now available for creditors as a
9 result of the cost saving measures;

10         d)     The Debtor discusses its Motion to Wind-Down Employee Stock Ownership Plan,
11 commencing on page 29. The cost to the estate, if any, for this action is not discussed or
12 disclosed;

13         e)     The Debtor reveals on page 33 that tax refunds that are the result of an audit may
14 be owed to the FDIC. There is no discussion of the FDIC's basis for claiming the refund; and

15         f)     Page 39, lines 7 through 22 discuss the treatment of Class 3 Claims. The total
16 claims and estimated payment is not disclosed.

17         During the review process, contact was made with Debtor's counsel with the intention to
18 negotiate a continued date for the hearing on the adequacy of the disclosure statement. Based
19 upon those conversations, representation has been made that the missing financial information
20 will be provided during the week of January 4, 2010. The spirit of the Bankruptcy Code is to
21 provide adequate time for a reasoned review of information contained in a disclosure statement
22 describing a plan and the plan itself. Even if financial information is provided during the first
23 week of January 2010, it does not seem that appropriate time has been afforded for a reasoned
24 review of the documents.

25         Further, in the event that the Debtor offers further amended and supplemented
26 documents, the UST reserves the right to object to any further documents in full or in part.
27 ///
28

1  WHEREFORE, the United States Trustee requests that the Court deny approval of the Disclosure Statement In Support Of The Debtor's Joint Plan of Liquidation Of The Debtor And The Official Committee Of Unsecured Creditors or for such other an further relief as the court deems just and proper.

Dated: January 5, 2010

                                              Respectfully submitted,
                                              PETER C. ANDERSON
                                              UNITED STATES TRUSTEE

                                              /s/ Elizabeth A. Lossing
                              By:   Elizabeth A. Lossing
                                     Trial Attorney

**DECLARATION OF ELIZABETH A. LOSSING:**

I, ELIZABETH A. LOSSING, declare that:

1. I am employed by the United States Trustee's Office in Riverside, California, as a Trial Attorney. I am over the age of 18 years, am authorized to make this declaration, am not a party to this action and am competent to testify to the matters below.

2. As part of my duties I review bankruptcy filings, conduct analysis and prepare pleadings for filing with the court. I have personal knowledge of the facts set forth herein, and if called upon to do so, could and would competently so testify.

3. I am the Trial Attorney assigned to the instant case. I reviewed the Debtors Disclosure Statement, Amended Disclosure Statement and, finally, Disclosure Statement In Support Of The Debtor's Joint Plan Of Liquidation Of The Debtor And The Official Committee Of Unsecured Creditors. I found no financial historical data, financial information on the ongoing business of the Debtor, Liquidation analysis, nor any other financial information to support the information in the Disclosure Statement.

4. I contacted Debtor's counsel by telephone, speaking with Mr. Jon L.R. Dalberg on December 31, 2009 and again on January 4, 2010. Our discussion included my request for financial information to support the data in the Debtor's Disclosure Statement. Mr. Dalberg informed me that financial information was in the preparation process with an anticipated filing date of January 5, 2010

5. Additionally, I requested that the Debtor, through its counsel, agree to continued the hearing on the adequacy of the Disclosure Statement to allow for a reasonable time for review of the financial information. Since the supplement was to be filed on January 5, 2010 with a hearing calendared for January 21, 2010, there appeared to be insufficient time to make a reasoned review if the much revised Disclosure Statement. He declined.

I declare the foregoing is true and correct under penalty of perjury and that this declaration was executed by me at Riverside, California.

Dated:  January 5, 2010         /s/Elizabeth A. Lossing
                                Elizabeth A. Lossing
                                Trial Attorney

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:  Office of the U. S. Trustee
3685 Main Street, Suite 300
Riverside, CA 92501-2804

The foregoing document described as: <u>UNITED STATES TRUSTEE'S OBJECTIONS TO DISCLOSURE STATEMENT IN SUPPORT OF THE DEBTOR'S JOINT PLAN OF LIQUIDATION OF THE DEBTOR AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS; DECLARATION OF ELIZABETH A. LOSSING</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On **1/05/10**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Debtor's Attorney, jdalberg@lblawllp.com

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served): On **01/05/10,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

Debtor:
Vineyard National Bancorp
4000 Barranca Parkway, Suite 250
Irvine, CA 92604

X Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P.5 and/or controlling LBR, on 01/05/10, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

Hon. Richard Neiter - Courtroom 301 bin

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 01/05/10 | Pat Pezoldt | (s/ Pat Pezoldt |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

## SERVICE LIST

Counsel to Creditors' Committee
Robert A. Julian Esq
Todd J. Dressel, Esq
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Eric E. Sagerman, Esq.
Winston & Strawn LLP
333 South Grand Ave. 38th Floor
Los Angeles, CA 90071

Counsel for Secured Lender FTBN
Leonard M. Shulman, Esq
Shulman, Hodges & Bastian, LLP
26632 Towne Centre Drive, Suite 300
Foothill Ranch, CA 92610